ALBERTA WORDELL *vs.* THE SHEPARD COMPANY.

JUNE 2, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence. The case was tried before a justice of the superior court sitting with a jury and at the conclusion of the plaintiff's evidence, on motion of the defendant, the plaintiff was nonsuited. To this decision of the trial justice,

the plaintiff excepted, and has duly prosecuted her bill of exceptions to this court. This single exception to the granting of the defendant's motion for a nonsuit is the only exception briefed and argued here.

From the evidence it appears that the plaintiff, an elderly woman, while leaving an escalator in the defendant's store in the city of Providence, was suddenly thrown to the floor and seriously injured. Accompanying her at the time, and immediately behind her on the escalator, were her two daughters, Grace A. Ferguson and Cynthia Kerns. Mrs. Ferguson testified that on reaching the second floor at the top of the escalator her mother caught her foot and was thrown. She further testified that upon reaching her mother, the latter said: "My foot caught on something." Mrs. Kerns, who was on the escalator immediately behind her sister, testified substantially to the same effect, and the testimony of the plaintiff is consistent with that of her daughters in this respect.

The plaintiff also testified that a projection, on a prong of the comb of the escalator, fixed at the top of the escalator, caught the shoe of her left foot, and that it felt to her "as if my shoe had caught on something hard." On cross-examination she testified that she had this feeling somewhere along the left side of her shoe about one third of the distance from the toe to the heel. She admitted that at the time of the accident she saw nothing wrong with the escalator and did not point out anything wrong with it to her daughters when they reached her. Neither of her daughters saw anything wrong with the escalator and both got off safely when they reached the second floor.

The day following the accident Mrs. Ferguson went to the defendant's store to examine the escalator "To see what mother tripped on", according to her testimony. She testified that she then saw a projection on one of the prongs of the comb of the escalator about in the middle of the comb. She further testified that it looked worn, and ap-

peared to have been mended a considerable time previously, as it looked old and dirty. She admitted on cross-examination that this particular prong was on a level with the other prongs of the comb, but that the end of it was "curved in". She further admitted on cross-examination that on that day she carefully noted this prong and that, as the slats of the escalator came up to the comb, they went in between the prongs, including this particular prong. She testified that she looked at the escalator about a year later and it appeared to be in the same condition in which she had seen it the day after the accident.

About a year after the accident, the plaintiff also went to defendant's store to examine the escalator. She testified that she also noticed a projection on the prong, as described by Mrs. Ferguson. On cross-examination she admitted that this projection was not sticking up above the surface of the comb but was level with the rest of the grate or comb made up of these prongs at the top of the escalator. In explaining what she meant by a projection she said it was anything that would stick out from the side and that inside of the straight bar of the prong there was a slight projection, that the prong was not perfectly straight on the edge, but she would not say that any part of it stuck up above the rest of the grate, or comb, made by these prongs. The plaintiff also testified that she noted the operation of the escalator on this occasion and that the slats of the escalator experienced no trouble in going between the prongs of the comb, that there was no interference with the slats moving into the openings between the prongs and that the particular prong in question was not bent up but looked flat.

Mrs. Kerns testified that she too went back to the store the day following the accident and carefully noted the top of the escalator. Her testimony as to the condition of the escalator on that day coincides substantially with that of her sister, Mrs. Ferguson. This testimony of the plaintiff and her daughters constitutes the vital evidence upon which

the plaintiff's case stands or falls. We have carefully perused the transcript and we are of the opinion that the testimony of the other witnesses is of no assistance to the plaintiff on the issue before us.

The plaintiff tried her case on the theory that there was a defect in one of the prongs of the comb of the escalator, in between which the moving slats fitted as they reached the top of the escalator. She sought to prove that this defect was a slight projection on the side of a prong, which was identified as one that looked as though it had been welded or mended in some way, and that this projection caught her shoe on the left side of her left foot, about one third of the way back from the toe, causing her to fall. There was some evidence concerning a smooth and slippery plate at the top of the escalator, the lack of a stationary handrail and also the lack of an attendant to assist persons leaving the escalator when they reached the top; but it was not testified to by either the plaintiff or any of her witnesses that those matters were the cause of the accident. Therefore, the counts in the declaration as to those latter allegations were no longer in the plaintiff's case at the conclusion of her evidence.

Taking the most favorable view of all the plaintiff's evidence, as to the alleged defect in the welded prong, and making allowances in her favor for all reasonable inferences that may be drawn therefrom, we are unable to find any legal evidence upon which the jury could reasonably have concluded that the defect described by the plaintiff and her witnesses caused her to fall. There is no evidence that this slight projection on the welded prong stuck up above the surface of the comb. Neither is there any evidence that it in any way interfered with the even movement of the slats of the escalator in between the prongs of the comb, such as to produce an uneven motion in the slats where the plaintiff's left foot rested and thus cause the plaintiff to fall. On the contrary, the evidence is that the top of the escalator

was entirely level or flat and that the moving slats as they reached the top of the escalator took their respective positions evenly and smoothly between the prongs of the comb, as they were designed to do when the escalator is functioning properly. In addition, there is the testimony of the plaintiff's daughters that they were directly behind their mother on the escalator, that each of them reached the top of the escalator safely and stepped from it without difficulty, and that neither of them noticed any defect at the top of the escalator at that time.

On this evidence, it cannot reasonably be said that there is any proof of a defect that would cause the plaintiff's fall. According to her own evidence, the projection on the comb did not affect in any way the surface of the escalator. Therefore it could not have caught the side of her shoe and caused her to fall. With this testimony thus discounted, as it should be, there is no evidence of any defect in the escalator, which could have caused the plaintiff's injury. On the facts in evidence, what caused the plaintiff to fall is a matter of conjecture.

The trial justice found that there was no defect proved and we think his finding is supported by the evidence. In announcing his decision from the bench, he made certain statements to which the plaintiff has objected. Those statements are of no consequence in the consideration of the plaintiff's exception, as they do not appear to be the basis of his decision in granting the defendant's motion. As we read his decision, it seems to us that he puts it definitely on the ground of a lack of any legal evidence of the existence of a defect such as could have caused the plaintiff to fall in the manner alleged in her declaration. We are, therefore, of the opinion that the decision of the trial justice, when so understood, is correct, notwithstanding the statements in the decision to which objection was made.

The plaintiff's exceptions not briefed and argued are deemed to be waived, and the exception above considered

268

is overruled.  The case is remitted to the superior court for entry of judgment on the nonsuit.

*Charles H. Eden, John A. Kerns of Fall River, Mass.,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.